WO         IN THE UNITED STATES DISTRICT COURT

           FOR THE DISTRICT OF ARIZONA


Ramona Dominguez,                              )
                                               )
                              Plaintiff,       )
                                               )
        vs.                                    )
                                               )
Nancy A. Berryhill, Deputy Commissioner of     )
Social Security for Operations,                )
                                               )   No. 2:18-cv-2115-HRH
                              Defendant.       )
_____)

O R D E R

This is an action for judicial review of the denial of disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. Plaintiff Ramona Dominguez has timely filed her opening brief,[1] to which defendant, Nancy A. Berryhill,[2] has timely responded. Oral argument was not requested and is not deemed necessary.

Procedural Background

On April 30, 2011, plaintiff filed an application for disability benefits under Title II of the Social Security Act, alleging that she became disabled on April 29, 2011. Plaintiff later amended her onset date of disability to September 26, 2011. Plaintiff alleged that she was disabled due to back pain, arthritis, anxiety, and depression. Plaintiff's application was

---

[1]Docket No. 13.

[2]Docket No. 17.

-1-

denied initially and upon reconsideration. Plaintiff requested a hearing. After an administrative hearing on January 15, 2013, an administrative law judge (ALJ) denied plaintiff's application. Plaintiff sought review of the ALJ's March 29, 2013, unfavorable decision. On August 25, 2014, the Appeals Council denied plaintiff's request for review. Plaintiff sought judicial review and on March 4, 2015, the court, pursuant to a stipulated motion, remanded the matter to the agency for further proceedings. Upon remand, a second administrative hearing was held on March 2, 2017. After that hearing, the ALJ again denied plaintiff's application. On May 8, 2018, the Appeals Counsel denied plaintiff's request for review, thereby making the ALJ's March 29, 2017 decision the final decision of defendant. On July 8, 2018, plaintiff commenced this action in which she asks the court to review defendant's final decision.

## General Background

Plaintiff was born on May 8, 1966. She was 50 years old at the time of the second administrative hearing. Plaintiff lives with her adult children. Plaintiff has a high school education and completed two years of college. Plaintiff's past relevant work includes work as a case worker aide, a case worker, and a behavioral health technician.

## The ALJ's Decision

The ALJ first determined that plaintiff "last met the insured status requirements of the Social Security Act on December 31, 2016."[3]

---

[3]Admin. Rec. at 389.

The ALJ then applied the five-step sequential analysis used to determine whether an individual is disabled.[4]

At step one, the ALJ found that plaintiff "did not engage in substantial gainful activity during the period from her alleged onset date of April 29, 2011 through her date last insured of December 31, 2016. . . ."[5]

At step two, the ALJ found that "[t]hrough the date last insured, the claimant had the following severe impairments: degenerative disc disease, degenerative changes of the neck,

---

[4]The five steps are as follows:

> Step one: Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.
> Step two: Is the claimant's alleged impairment sufficiently severe to limit . . . her ability to work? If so, proceed to step three. If not, the claimant is not disabled.
> Step three: Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R., pt. 404, subpt. P, app. 1? If so, the claimant is disabled. If not, proceed to step four.
> Step four: Does the claimant possess the residual functional capacity ("RFC") to perform . . . her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant's RFC, when considered with the claimant's age, education, and work experience, allow . . . her to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006).

[5]Admin. Rec. at 389.

and obesity. . . ."[6] The ALJ found plaintiff's hypertension nonsevere.[7] The ALJ found that fibromyalgia was not a medically determinable impairment.[8] The ALJ found plaintiff's depression and anxiety nonsevere.[9] The ALJ considered the "paragraph B" criteria and found that plaintiff had mild limitations as to understanding, remembering, or applying information; no limitation in the area of interacting with others; mild limitations as to concentration, persistence, or pace; and no limitations as to adapting or managing oneself.[10]

At step three, the ALJ found that "[t]hrough the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1[.]"[11]

"Between steps three and four, the ALJ must, as an intermediate step, assess the claimant's RFC." Bray v. Comm'r of Social Security Admin., 554 F.3d 1219, 1222–23 (9th Cir. 2009). The ALJ found

> that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant could frequently stoop and climb ramps and stairs. The claimant could never climb ladders, ropes, or scaffolds. However, the claimant could occasionally

---

[6] Admin. Rec. at 389.

[7] Admin. Rec. at 389.

[8] Admin. Rec. at 391.

[9] Admin. Rec. at 389.

[10] Admin. Rec. at 390.

[11] Admin. Rec. at 391.

kneel, crouch, or crawl. She could withstand occasional exposure to heat and vibration. However, she should avoid all exposure to unprotected heights and moving machinery.[12]

The ALJ found plaintiff's pain and symptom statements less than credible because they were not supported by the medical evidence, because she responded well to treatment, and because her statements were inconsistent with her daily activities.[13]

The ALJ give little weight to Dr. Johnson's opinions.[14] The ALJ gave partial weight[15] to Dr. Chaffee's opinion,[16] Dr. Hirsch's opinion,[17] Dr. Goerss' opinion,[18] and Dr. Gawo's

---

[12]Admin. Rec. at 391-392.

[13]Admin. Rec. at 393-394.

[14]Admin. Rec. at 394. The ALJ indicated that he could not read the signature on one of Dr. Johnson's opinions but it is clear that the ALJ was referring to Dr. Johnson's 2011 opinion. Dr. Johnson's opinions are discussed below in detail.

[15]Admin. Rec. at 394-395.

[16]William Chaffee, M.D., examined plaintiff on August 24, 2011. Dr. Chaffee opined that plaintiff could stand/walk for 6-8 hours; sit for 6-8 hours; occasionally lift/carry 50 pounds; frequently lift/carry 25 pounds; never climb; frequently stoop, kneel, crouch, and crawl; had no limitations as to reaching, handling, fingering, and feeling; and had restrictions working around heights and moving machinery. Admin. Rec. at 243-245.

[17]On September 7, 2011, Robert S. Hirsch, M.D., opined that plaintiff could occasionally lift/carry 20 pounds; frequently lift/carry 10 pounds; stand/walk for 6 hours; sit for 6 hours; occasionally climb ramps/stairs; never climb ladders/ropes/scaffolds; frequently balance, stoop, kneel, and crouch; occasionally crawl; and should avoid concentrated exposure to hazards. Admin. Rec. at 53-55.

[18]On May 21, 2012, Jean Goerss, M.D., opined that plaintiff could occasionally lift/carry 25 pounds; frequently lift/carry 20 pounds; stand/walk for 6 hours; sit for 6 hours; frequently climb ramps/stairs; never climb ladders/ropes/scaffolding; was unlimited as to balancing; frequently stoop; never kneel, crouch, or crawl; should avoid concentrated
(continued...)

opinion.[19]

At step four, the ALJ found that "[t]hrough the date last insured, the claimant was capable of performing past relevant work as a case aide."[20]

Although the ALJ was not required to do so, the ALJ made an alternative step five finding. The ALJ found that "there were other jobs that existed in significant numbers in the national economy that the claimant also could have performed," including, working as a cashier, a school bus monitor, or an office helper.[21]

The ALJ thus concluded that plaintiff "was not under a disability, as defined in the Social Security Act, at any time from April 29, 2011, the alleged onset date, through December 31, 2016, the date last insured. . . ."[22]

Standard of Review

Pursuant to 42 U.S.C. § 405(g), the court has the "power to enter, upon the pleadings

---

[18](...continued)
exposure to extreme heat, humidity, and vibration; and avoid even moderate exposure to hazards. Admin. Rec. at 68-70.

[19]On July 31, 2012, Yacob Gawo, M.D., opined that plaintiff could occasionally lift/carry 20 pounds; frequently lift/carry 10 pounds; stand/walk for 6 hours; sit for 6 hours; was unlimited as to pushing/pulling; occasionally climb ramp/stairs; never climb ladders/rope/scaffolds; frequently stoop; occasionally kneel, crouch, and crawl; and should avoid concentrated exposure to extreme cold and heat, humidity, vibration, and hazards. Admin. Rec. at 352-355.

[20]Admin. Rec. at 396.

[21]Admin. Rec. at 396-397.

[22]Admin. Rec. at 397.

and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner. . . ." The court "properly affirms the Commissioner's decision denying benefits if it is supported by substantial evidence and based on the application of correct legal standards." Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)). "'To determine whether substantial evidence supports the ALJ's decision, [the court] review[s] the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion.'" Id. (quoting Andrews, 53 F.3d at 1039). If the evidence is susceptible to more than one reasonable interpretation, the court must uphold the Commissioner's decision. Id. But, the Commissioner's decision cannot be affirmed "'simply by isolating a specific quantum of supporting evidence.'" Holohan v. Massanari, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999)).

Discussion

Plaintiff first argues that the ALJ erred as to Dr. Johnson's opinions. On September 26, 2011, Dr. Johnson opined that plaintiff could sit for one hour; could stand/walk for one hour; could not bend, stoop, or climb; could occasionally push/pull; and could occasionally lift/carry 10 pounds.[23] On November 14, 2012, Dr. Johnson opined that plaintiff could sit for

---

[23]Admin. Rec. at 256.

2 hours; could stand/walk for 2 hours; could occasionally lift/carry 10 pounds; could never stoop, squat, crawl, or climb; could occasionally reach; could frequently grasp, push/pull controls and do fine manipulation; could use her feet for repetitive motions; should never work around unprotected heights and moving machinery; had moderate restrictions as to driving automobile equipment and exposure to marked changes in temperature or humidity; and had mild restrictions as to exposure to dust, fumes, and gases.[24] Dr. Johnson also opined that plaintiff's pain would cause her to be off task 11-15% of the time.[25]

Dr. Johnson was a treating physician, but the ALJ gave his opinions little weight.[26] "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). "At least where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons." Id. (quoting Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991)). "[I]f the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record for so doing." Id. (quoting Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983)). Dr. Johnson's opinions were contradicted by Dr. Hirsch's, Dr. Goerss', and Dr. Gawo's opinions.

---

[24]Admin. Rec. at 368-369.

[25]Admin. Rec. at 370.

[26]Admin. Rec. at 394.

Thus, the ALJ was required to provide specific and legitimate reasons for giving little weight to Dr. Johnson's opinions.

The ALJ gave Dr. Johnson's opinions little weight because they were "inconsistent with the medical evidence which indicates that claimant did not have difficulty balancing[,]" because he "appeared to rely heavily on the claimant's subjective report of symptoms and limitations[,]" and because plaintiff's "gait was typically normal. . . ."[27] The ALJ also rejected Dr. Johnson's opinions because they were inconsistent "with Dr. Chang's[28] "statement that the claimant 'continue to manage her pain conservatively. . . .'"[29] Plaintiff argues that these were not specific and legitimate reasons.

The ALJ first rejected Dr. Johnson's opinions because the medical evidence did not indicate that plaintiff had difficulty balancing. Dr. Johnson did not assess plaintiff's ability to balance. Thus, whether the medical evidence did or did not reflect any difficulty with

---

[27]Admin. Rec. at 394.

[28]Dr. Chang examined plaintiff on September 30, 2015 and noted that plaintiff

> present[ed] with residual left L5 radicular symptoms since her previous laminectomy and intact strength upon physical examination. Her radiographic findings do not show significant stenosis in her lumbar or cervical spine. As such, that there is not significant stenosis and the patient has not yet exhausted all conservative options, I recommend that the patient continue to manage her pain conservatively. I particularly encouraged the patient to undergo aggressive weight loss. . . .

Admin. Rec. at 621.

[29]Admin. Rec. at 394.

balancing is largely irrelevant to Dr. Johnson's opinions. The first reason given by the ALJ for rejecting Dr. Johnson's opinions was not legitimate.

The second reason given by the ALJ for rejecting Dr. Johnson's opinions was that he appeared to rely on plaintiff's subjective reports. Plaintiff argues that this was not a legitimate reason because her physical examinations revealed objective findings that supported Dr. Johnson's assessed limitations, findings such as pain with lumbar facet joint and sacroiliac joint loading maneuvers, tenderness to palpation of the lumbar and cervical spine, painful and limited lumbar range of motion, muscle spasms, and positive straight leg raising testing.[30] But, these objective findings were by doctors other than Dr. Johnson. That said, Dr. Johnson's exams included objective findings such as a limited range of motion in plaintiff's back with any movement, tenderness over paralumbar areas, and back tenderness.[31] And, there is nothing in the record to suggest that Dr. Johnson relied on plaintiff's subjective complaints rather than on his own examinations of plaintiff. Dr. Johnson's "treatment records do not indicate that [he] was acting as [p]laintiff's agent or was so sympathetic to [p]laintiff as to impair his professional judgment." Cowart v. Acting Comm'r of Social Security Admin., Case No. CV-17-03351-PHX-ESW, 2018 WL 4057612, at *4 (D. Ariz. Aug. 27, 2018). "If a treating provider's opinions are based 'to a large extent' on an applicant's self-reports and not on clinical evidence, and the ALJ finds the applicant not

---

[30]Admin. Rec. at 235, 272, 275, 278, 281, 328, 333, 371, 626, 633-34, 638, 646, 668, 755, 794.

[31]Admin. Rec. at 221, 222.

credible, the ALJ may discount the treating provider's opinion." Ghanim v. Colvin, 763 F.3d 1154, 1162 (9th Cir. 2014) (quoting Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008)). But, "when[,]" as here, "an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." Id. The second reason given by the ALJ for rejecting Dr. Johnson's opinions was not legitimate.

The third reason given by the ALJ for rejecting Dr. Johnson's opinions was that the medical evidence showed that plaintiff's gait was typically normal. But, the ALJ did not explain how plaintiff having a normal gait was inconsistent with Dr. Johnson's opinion that plaintiff could only stand and walk for two hours in an eight-hour day. That plaintiff may have had a normal gait when walking into the examination room does not mean that she was not as limited as Dr. Johnson opined. The third reason given by the ALJ for rejecting Dr. Johnson's opinions was not legitimate.

The fourth reason given by the ALJ for rejecting Dr. Johnson's opinions was that they were inconsistent with Dr. Chang's statement that plaintiff should continue to treat her pain conservatively. To the extent that the ALJ was suggesting that plaintiff was not as limited as Dr. Johnson assessed because Dr. Chang did not recommend surgery, this may have been "because her condition is not amenable to surgical correction." Bullard v. Berryhill, Case No. CV-17-08255-PCT-DGC, 2018 WL 5824777, at *7 (D. Ariz. Nov. 7, 2018). There is also some suggestion that plaintiff was not a candidate for surgery because of her weight, not

because her back condition did not require surgery. To the extent that the ALJ was suggesting that plaintiff was not as limited as Dr. Johnson assessed because her pain was being treated conservatively, plaintiff's pain was being treated with morphine and oxycodone. "[I]n general, the Ninth Circuit and district courts within this circuit have viewed the use of narcotic pain medication as non-conservative treatment[.]" Bostock v. Berryhill, Case No. 2:18-cv-02565-JDE, 2018 WL 5906174, at *4 (C.D. Cal. Nov. 9, 2018). The fourth reason given by the ALJ for rejecting Dr. Johnson's opinions was not specific nor was it legitimate.

Plaintiff next argues that the ALJ erred in finding her pain and symptom statements less than credible. "An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible." Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014). "'First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" Id. (quoting Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007)). "In this analysis, the claimant is not required to show 'that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.'" Id. (quoting Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996)). "Nor must a claimant produce 'objective medical evidence of the pain or fatigue itself, or the severity thereof.'" Id. (quoting Smolen, 80 F.3d at 1281). "If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, 'the ALJ can

reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" Id. at 1014-15 (quoting Smolen, 80 F.3d at 1281). "This is not an easy requirement to meet: 'The clear and convincing standard is the most demanding required in Social Security cases.'" Id. at 1015 (quoting Moore v. Comm'r of Soc. Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002)). "In evaluating the claimant's testimony, the ALJ may use 'ordinary techniques of credibility evaluation.'" Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting Turner v. Comm'r of Social Sec., 613 F.3d 1217, 1224 n.3 (9th Cir. 2010)). "For instance, the ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct, unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and whether the claimant engages in daily activities inconsistent with the alleged symptoms[.]" Id. (internal citations omitted).

The ALJ found plaintiff's pain and symptom statements less than credible because plaintiff responded well to treatment, because her statements were inconsistent with her daily activities, and because her statements were not supported by the objective medical evidence. Plaintiff argues that none of these were clear and convincing reasons.

The first reason given by the ALJ was that plaintiff responded well to treatment. The ALJ noted that plaintiff's treatment primarily consisted of prescription pain medication,[32] which may have been an attempt to indicate that plaintiff's pain medication was effectively

---

[32]Admin. Rec. at 393.

controlling her symptoms. But, "responding to treatment . . . does not provide a clear and convincing reason" for finding a claimant's pain and symptom statements less than credible when "[n]o physician opined that any improvement would allow [her] to return to work." Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989). Moreover, while there are a few instances in the record where plaintiff reported that her medications were controlling her pain,[33] there is substantial evidence that plaintiff's medication did not relieve her pain entirely[34] and that plaintiff had debilitating headaches.[35] This was not a clear and convincing reason for finding plaintiff's pain and symptom statements less than credible.

The second reason given by the ALJ was that plaintiff's pain and symptom statements were inconsistent with her daily activities. The ALJ specifically noted that plaintiff reported that she "swims at home" and that "she routinely drives a short distance twice a week."[36] To "conclude that a claimant's daily activities warrant an adverse credibility determination," the ALJ must "make 'specific findings relating to [the daily] activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination." Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007) (quoting Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005)). The ALJ did not make any specific findings as to how plaintiff's ability

---

[33]Admin. Rec. at 276, 366.

[34]Admin. Rec. at 296, 331, 371.

[35]Admin. Rec. at 33, 170, 194, 196-197, 213, 285, 616, 703.

[36]Admin. Rec. at 394.

to swim at home and drive short distances would translate into the ability to work full time. This was not a clear and convincing reason for finding plaintiff's pain and symptom statements less than credible.

As for the third reason given by the ALJ, that plaintiff's pain and symptom statements were not supported by the medical evidence of record, the ALJ noted that at her appointments, plaintiff was not in acute distress.[37] The ALJ also noted that at times, plaintiff's back was not tender and she did not have muscle spasms.[38] And, the ALJ noted that plaintiff's imaging did not show significant stenosis in her spine.[39]

But even if the medical evidence did not support plaintiff's pain and symptom statements, the "lack of medical evidence cannot form the sole basis for discounting pain testimony[.]" Burch, 400 F.3d at 681. Because the other two reasons given by the ALJ for finding plaintiff's pain and symptom statements not credible were not clear and convincing, this last reason is not sufficient by itself to support the ALJ's credibility finding.

Because the ALJ erred as to Dr. Johnson's opinions and plaintiff's credibility, the court must consider whether to remand this matter for an award of benefits or whether to remand for further proceedings. The court follows a three-step analysis to determine whether a remand for an award of benefits would be appropriate. "First, [the court] must conclude

---

[37]Admin. Rec. at 393.

[38]Admin. Rec. at 393.

[39]Admin. Rec. at 393.

that 'the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.'" Brown-Hunter v. Colvin, 806 F.3d 487, 495 (9th Cir. 2015) (quoting Garrison, 759 F.3d at 1020). "Second, [the court] must conclude that 'the record has been fully developed and further administrative proceedings would serve no useful purpose.'" Id. (quoting Garrison, 759 F.3d at 1020). "Third, [the court] must conclude that 'if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.'" Id. (quoting Garrison, 759 F.3d at 1021). But, "even if all three requirements are met, [the court] retain[s] 'flexibility' in determining the appropriate remedy" and "may remand on an open record for further proceedings 'when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.'" Id. (quoting Garrison, 759 F.3d at 1021).

Here, a remand for an award of benefits is appropriate. Dr. Johnson opined that plaintiff could sit for 2 hours; could stand/walk for 2 hours; could occasionally lift/carry 10 pounds; could never stoop, squat, crawl, or climb; could occasionally reach; could frequently grasp, push/pull controls, and do fine manipulation; could use her feet for repetitive motions; should never work around unprotected heights and moving machinery; had moderate restrictions as to driving automobile equipment and exposure to marked changes in temperature or humidity; and had mild restrictions as to exposure to dust, fumes, and gases.[40] The vocational expert at the first administrative hearing testified that a person with such

---

[40]Admin. Rec. at 368-369.

-16-

limitations could not perform any work.[41] Dr. Johnson also opined that plaintiff would be off task 11-15% of the time due to pain.[42] The vocational expert at the second administrative hearing testified that a person who was off task 11% of the time or more would not be able to maintain employment.[43] In addition, the vocational expert at the first administrative hearing testified that there would be no work plaintiff could perform if her testimony were credited as true.[44]

## Conclusion

Based on the foregoing, defendant's final decision is reversed and this matter is remanded for an award of benefits.

DATED at Anchorage, Alaska, this 26th day of March, 2019.

/s/ H. Russel Holland
United States District Judge

---

[41]Admin. Rec. at 39-41.

[42]Admin. Rec. at 370.

[43]Admin. Rec. at 421.

[44]Admin. Rec. at 39.